900 F.2d 257
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Orlando SIMMS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lawrence Michael BRANCH, Defendant-Appellant.
 Nos. 88-5058, 88-5080.
 United States Court of Appeals, Fourth Circuit.
 Argued: Dec. 7, 1989.
Decided: March 28, 1990.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. Joseph C. Howard, District Judge. (CR-87-517-JH)
 James Christopher Savage, Rockville, Md.; Robert L. Flax, Richmond, Va., for appellants.
 Miriam Aroni Krinsky, Assistant United States Attorney, Baltimore, Md., for appellee.
 Breckinridge L. Willcox, United States Attorney, Katherine J. Armentrout, Assistant United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before MURNAGHAN and CHAPMAN, Circuit Judges, and MICHAEL, United States District Judge from the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Orlando Simms and Lawrence Branch were arrested and charged with violation of various federal narcotics laws. They were indicted on November 19, 1987, of conspiring to distribute cocaine, and each appellant was charged in separate counts with distributing cocaine on various dates. Simms entered a plea of guilty to the conspiracy count, and Branch was convicted of all counts following a four-day trial. They have appealed and the appeals were consolidated and heard together. We find no error and affirm both convictions and both sentences.
 
 
 2
 * Orlando Simms claims that the government violated the written plea agreement when the Assistant United States Attorney advised the trial judge at the time of sentencing of the average prison sentence imposed by the federal courts (71 months) and the average prison sentence imposed by the courts of Maryland (68 months) for conspiracy to distribute cocaine. The plea agreement provided that Simms would plead guilty to Count 1 (conspiracy to distribute cocaine) and that the remaining counts against him would be dismissed. The agreement provided in part:
 
 
 3
 3. (a) At the time of sentencing this Office will recommend that the Court impose a period of incarceration not to exceed thirty six (36) months. Mr. Simms maintains his right, at the time of sentencing, to recommend that the Court impose a lesser sentence. As set forth in paragraph 4 herein, the period of incarceration to be imposed, if any, is within the sole and absolute discretion of the Court.
 
 
 4
 At the time of sentencing, when the Assistant United States Attorney advised the judge of the sentence averages for the same offense, the Court inquired as to whether the prosecutor was asking the Court to exceed the 36 months recommended in the plea agreement. The attorney advised the court that she still recommended 36 months and her statement as to average sentences for similar offenses was to answer the "Memorandum in Aid of Sentencing" filed by the attorney for Simms, which asked for a probationary sentence. The attorney made it clear to the Court and to Simms and his attorney that the government was not attempting to undermine the agreement or to suggest to the Court that it sentence above the 36 months, and that the government still recommended the sentence contained in the agreement.
 
 
 5
 The Court sentenced Simms to 24 months, and he appeals claiming that the statement of the government attorney as to average sentences was a violation of the plea agreement, because the appellant did not get the bargained for recommendation. The transcript of the sentencing hearing disclosed that the district judge was initially confused by the Assistant United States Attorney's comments concerning the average sentences, but it is clear that the attorney made a statement that resolved any confusion and demonstrated that her motive in submitting this information was not intended to and did not represent a violation of the agreement, but was an effort to persuade the court to use the 36 months as recommended.
 
 
 6
 We find no merit to Simms' appeal. The government made the recommendation agreed upon and its statements to the court in no way violated the agreement.
 
 II
 
 7
 Appellant Branch was convicted of conspiring with Simms and Raymond Watkins from August 1987 to October 27, 1987, to distribute cocaine, and he was also convicted of distribution of cocaine on August 18, 1987. He claims error by the trial judge in (1) admitting the testimony of co-conspirator Simms, when a conspiracy had not been proved, (2) failing to allow his girlfriend to testify, although she had remained in the courtroom during the trial while other witnesses were sequestered, (3) the admission of testimony that referred to him as "Mike," (4) the admission of a credit card application filled out by him, (5) admitting testimony of a government informer regarding his drug dealing associates, and (6) failing to grant a mistrial because of improper comments made by the government attorney in closing argument. He also claims that the evidence was not sufficient to convict him on either count.
 
 A.
 
 8
 On August 18, 1987, an Annapolis detective working in an undercover capacity bought a bag of cocaine from Branch. When the detective commented on the unusual way the bag was wrapped, Branch stated that drugs wrapped in this style indicated that they were distributed by him. Another detective working undercover met Simms and made several purchases of cocaine from him. Statements made by both Simms and Branch, purchases from them and meetings with them by the undercover agents and observations of the two defendants sufficiently established that Simms worked for Branch in the sale and distribution of cocaine and that they were co-conspirators in this endeavor.
 
 
 9
 Since the prosecution proved by a preponderance of the evidence the existence of the conspiracy of which both Branch and Simms were members, and the contested statements were made during the course and in furtherance of the conspiracy, the testimony of Simms was not hearsay and was admissible against Branch pursuant to Federal Rule of Evidence 801(d)(2)(E). See Bourjaily v. United States, 483 U.S. 171, 175 (1987), and United States v. Leavis, 853 F.2d 215 (4th Cir.1988).
 
 B.
 
 10
 At the beginning of the trial, the Court sequestered the witnesses upon motion of the government. This was done pursuant to Federal Rule of Evidence 615. An individual identified as Branch's girlfriend remained in the courtroom throughout the trial. Following the testimony of DEA agent Revello, defense counsel asked the court to allow this individual to testify that a certain exhibit introduced during the agent's direct examination had been written by her. Defense counsel argued for an exception to the sequestration order because he had not anticipated that the exhibit would surface at trial or that the girlfriend's testimony would be needed. The government objected to the testimony of this individual and the court denied defendant's request.
 
 
 11
 The decision as to whether to allow an exception to the sequestration order is committed to the sound discretion of the trial judge, United States v. Marson, 408 F.2d 644, 650 (4th Cir.1968), and we find no abuse of discretion on the present facts.
 
 C.
 
 12
 We find no abuse of the trial judge's discretion in the admission of the challenged evidence. The credit card application indicated an inconsistency in Branch's claim of legitimate employment and supported the government's position that he maintained a lifestyle normally out of reach to one working as an auto repair technician, as the credit application indicated.
 
 
 13
 There is no merit to the claim that Branch's dignity was impinged by use of the name "Mike" and not "Mr. Branch." The testimony showed that this defendant was known to various witnesses as Mike. The record does not disclose that the use of the shortened version of Michael or the failure to always refer to him as Mr. Branch was intended to offend this defendant, but was only used to identify him.
 
 
 14
 The testimony concerning Branch's drug organization did not violate Federal Rule of Evidence 403. This evidence was probative as to Branch's involvement in drug trafficking, and there was no error in the trial court's balancing of the probative value against the prejudicial effect of this evidence.
 
 D.
 
 15
 Appellant Branch contends that a reference by the prosecutor, in rebuttal argument to the jury, to the drug-related death of Len Bias, a well known University of Maryland basketball player, was improper, prejudicial and justified a reversal of his conviction. No objection was made to this comment either during or after argument. The standard of review is plain error, if timely objection is not made. The one mention of the Bias tragedy was not plain error. The government attorney made no attempt to blame appellant Branch for this untimely death. The matter was mentioned only once, it did not create a likelihood that the jury would be misled, and the strength of the government's case against Branch was overwhelming.
 
 
 16
 We find no merit to the other claims of error for failure of the trial judge to grant a mistrial.
 
 AFFIRMED